IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-03267-RBJ

ROGER YEADON,

      Applicant,

v.

C. DANIELS, Warden,

      Respondent.

---

ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

      This matter comes before the Court on the *pro se* Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 ("Application") (Doc. #1) filed December 14, 2012, by

Applicant Roger Yeadon.  On February 28, 2013, Respondent was ordered to show cause why

the Application should not be granted.  Respondent has filed a Response to Order to Show Cause

("Response") (Doc. #21) and Applicant has filed Applicant's Reply ("Reply") (Doc. #22).  After

reviewing the pertinent portions of the record in this case including the Application, the

Response, and the Reply, the Court concludes that the Application should be denied.

## I.  BACKGROUND

      Applicant is a prisoner in the custody of the Federal Bureau of Prisons (BOP").

Applicant was incarcerated at a federal prison in Colorado when he initiated this action and he

currently is incarcerated at a federal prison in Florida.  Applicant's claim in the Application

arises out of the computation of his state and federal sentences.  To better understand the claim

Applicant asserts, the Court sets forth the following chronology of events relevant to those

sentences:

- On June 8, 1995, the State of Alabama sentenced Applicant to twenty years in prison for burglary and theft.

- On May 21, 1996, Applicant escaped from custody and committed the federal offense of Carjacking Resulting in Death in New Mexico.

- On July 2, 1996, Applicant was arrested in Indiana by the Federal Bureau of Investigation.

- On August 28, 1996, the United States District Court for the District of New Mexico entered an order for writ of habeas corpus ad prosequendum and Applicant was transported to New Mexico for prosecution in federal court.

- On January 8, 1999, Applicant was sentenced in the United States District Court for the District of New Mexico to 220 months in prison for Carjacking Resulting in Death.  The District of New Mexico stated its intention that Applicant "be deemed in federal custody and that his federal sentence be served in a federal facility concurrent with any previous undischarged terms of imprisonment and any pending cases in the State of Alabama."  (Doc. #1-1 at 8; Doc. #21-3 at 3.)

- On February 8, 1999, Applicant escaped from federal custody.

- On March 13, 1999, Applicant was arrested by the United States Marshals Service.

- On May 6, 1999, Applicant was sentenced in the United States District Court for the District of New Mexico to 46 months in prison for Escape.  The District of New Mexico ordered that the sentence for Escape run consecutive to the prior federal sentence of 220 months.  (Doc. #21-5 at 2.)

- In August 1999, after being transferred to Alabama for prosecution on state charges stemming from the May 1996 escape, Applicant was convicted of escape in Alabama state court and he was sentenced to five consecutive life terms as an habitual offender.  Applicant then was returned to federal custody and the State of Alabama has lodged a detainer seeking custody of Applicant upon completion of his federal sentences.  (*See* Doc. #21-6.)

Although the precise claim Applicant is asserting with respect to the computation of his state and federal sentences is not entirely clear, the relief he seeks is.  Applicant specifically asks the Court to:

> (1) order the B.O.P. to implement the federal term to run concurrently with all Alabama state sentences in accordance to the U.S. District Court[']s Amended Judgment dated January 8, 1999 (case # CR 96-0580 MV)[,] and (2) order the B.O.P. to consider a Nunc Pro Tunc designation to the Alabama D.O.C. as the place to serve the remainder of the federal term.

(Doc. #1 at 7.)  Applicant concedes in the Reply that he sought "essentially the same relief" in a prior habeas corpus action pursuant to 28 U.S.C. § 2241.  (*See* Doc. #22 at 4.)  In the prior habeas corpus action, Applicant complained that the BOP had miscalculated his presentence confinement credits and that he should be serving his Alabama sentence prior to serving his federal sentence because he believed Alabama had primary custody.  *See Yeadon v. Warden*, No. 5:11-CV-1-Oc-30TBS, 2011 WL 6099543 (M.D. Fla. Dec. 7, 2011).  However, despite seeking "essentially the same relief" in the prior habeas corpus action, Applicant maintains that the claim he asserts in this action is completely different.  He explains as follows:

> In the first action [Applicant] asserts the B.O.P. does not have primary jurisdiction because he was merely "borrowed" via a writ of habeas corpus ad prosequendum, and he must be returned to state custody.  In the present action [Applicant] contends the B.O.P. is illegally implementing his federal term consecutive to the state sentences, and abusing its discretion by inapprop[r]iately refusing to make a nunc pro tunc designation to the Alabama D.O.C.

(Doc. #22 at 4 (citation omitted).)

## II.  LEGAL STANDARDS

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

The Court must construe the Application and the Reply liberally because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

## II.  DISCUSSION

Respondent argues that this action should be dismissed pursuant to 28 U.S.C. § 2244(a).  Section 2244(a) provides that the Court need not entertain a habeas corpus application pursuant to § 2241 "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."  This statutory bar applies to both successive claims that actually were raised in the prior petition as well as abusive claims that could have been raised in the prior petition but were not.  *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010).  "Under the abuse of the writ doctrine, if a second or subsequent petition raises a claim that could have been raised in an earlier petition, the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim."  *Stanko*, 617 F.3d at 1271.  In order to demonstrate the omission was not the result of inexcusable neglect, Applicant must show either

4

cause and prejudice or that a failure to consider the claim will result in a fundamental miscarriage of justice. *See id.* "'[T]he cause standard requires the petitioner to show that some objective factor external to the defense impeded [the petitioner's] efforts to raise the claim' in the earlier petition." *Id.* at 1272 (quoting *McCleskey*, 499 U.S. at 493). "Cause also requires that a prisoner 'conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition.'" *Id.* (quoting *McCleskey*, 499 U.S. at 498).

To the extent Applicant contends the BOP is forcing him to serve his federal sentences consecutively to his Alabama sentences even though the District of New Mexico ordered that the original federal sentence be served concurrently with the state sentences, the Court finds that the claim is successive because Applicant challenged the order in which he was serving his state and federal sentences in the prior habeas corpus action. Although the specific legal argument may be different, "[i]n addressing the bar of successive and abusive writs, grounds may be considered the same even when supported by different legal arguments." *See Stanko*, 617 F.3d at 1270. Therefore, the Court is barred from considering this claim pursuant to § 2244(a).

Even assuming Applicant's specific claim that the BOP is forcing him to serve his federal sentences consecutively to his Alabama sentences is not successive, as Applicant contends, the Court finds that the claim is barred as an abuse of the writ because Applicant fails to demonstrate either cause and prejudice for his failure to raise the claim in the prior habeas corpus action or that a failure to consider the claim will result in a fundamental miscarriage of justice. With respect to cause, Applicant fails to demonstrate that some objective factor external to the defense prevented him from discovering his claim that the BOP is forcing him to serve his federal sentences consecutively to his Alabama sentences or from raising that claim in the 2011 habeas

corpus action.  He also fails to demonstrate that he conducted a reasonable and diligent

investigation in order to include all relevant grounds in the 2011 habeas corpus action.

The Court finds that the fundamental miscarriage of justice exception is not applicable

because Applicant's claim that the BOP is forcing him to serve his federal sentences

consecutively to his Alabama sentences lacks merit.  This conclusion is based on the record

before the Court, which demonstrates the BOP is computing Applicant's federal sentences in

accordance with federal law.  According to BOP sentence computation records submitted by

Respondent, Applicant's total federal sentence of 266 months commenced on January 8, 1999,

although he has not received credit for the period from February 9, 1999, through March 12,

1999, because of his escape from federal custody for that period of time.  (*See* Doc. #21-2 at 3.)

As noted above, January 8, 1999, is the date the first federal sentence was imposed in the District

of New Mexico.  Pursuant to 18 U.S.C. § 3585(a), Applicant's federal sentences cannot

commence prior to that date.  The BOP sentence computation records also reveal that Applicant

has received presentence confinement credit against his federal sentences pursuant to § 3585(b)

for the entire period of time from July 2, 1996, through January 7, 1999.  (*See id.*)  Applicant

does not argue that any additional period of time can or should be credited against his federal

sentences.  Therefore, he fails to demonstrate he is entitled to relief in this habeas corpus action

with respect to his claim challenging the BOP's computation of his federal sentences.

The Court recognizes that the BOP's computation of Applicant's federal sentences does

not affect how the State of Alabama is computing or will compute Applicant's state sentences.

With respect to the computation of Applicant's state sentences, it appears that Applicant is

receiving credit against his state sentences for the time he has spent in federal prison because the

detainer lodged by the State of Alabama indicates Applicant is serving his Alabama state

sentence in a federal prison.  (*See* Doc. #21-6.)  However, even if that were not the case, any

claim Applicant may seek to pursue regarding the computation of his state sentences by state

prison officials must be raised in a separate action against a proper respondent in a proper court.

Such a claim is not appropriate in this action because the BOP has no control over the

computation of Applicant's state sentences by state prison officials.

The Court next will address Applicant's request that the BOP be ordered to consider a

nunc pro tunc designation to the Alabama Department of Corrections to serve the remainder of

his federal sentences.  Applicant seeks a nunc pro tunc designation from the BOP because,

according to him, "the state will not start giving credit toward the life term until [Applicant] is

returned to primary state custody" (Doc. #22 at 6) and he believes that an immediate transfer to

state custody is the only way to accomplish concurrent service of his state and federal sentences

as ordered by the District of New Mexico.  Applicant further contends that:

> [e]ven though the B.O.P.'s negligence has illegally prevented
> [Applicant] from receiving credit toward the state life term for the
> past 13 ½ years, a nunc pro tunc designation at this time would at
> least allow the life term to start running 3 years sooner than the
> present federal release date of 7-14-16.

(Doc. #22 at 6.)  Applicant alleges that he first requested a nunc pro tunc designation in July

2012.  (*See* Doc. #1 at 4; Doc. #22-1.)  Applicant's final administrative remedy appeal seeking a

nunc pro tunc designation was denied by the BOP on November 16, 2012.  (*See* Doc. #22-1 at 3-

4.)

Applicant's assertion that the BOP abused its discretion in denying his request for a nunc

pro tunc designation also is barred by § 2244(a).  In essence, Applicant's claim regarding the

denial of his request for a nunc pro tunc designation is a challenge to the place of his

confinement and the order in which he serves his state and federal sentences.  As such, the claim

is merely a variation of the same claim he raised in his prior habeas corpus action challenging which sovereign has primary custody and the order in which he is serving his state and federal sentences.  Therefore, the claim is barred as successive.  *See Stanko*, 617 F.3d at 1270 ("In addressing the bar of successive and abusive writs, grounds may be considered the same even when supported by different legal arguments.").

In addition, Applicant's assertion that the BOP abused its discretion in denying his request for a nunc pro tunc designation lacks merit.  Pursuant to 18 U.S.C. § 3621(b), the BOP has authority to designate a state prison as the place to serve a federal prison sentence.  The Attorney General, through the BOP, has the responsibility to determine the location of service of a federal prison sentence.  *See United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

As discussed above, Applicant acknowledges that he has sought a nunc pro tunc designation and that the BOP denied the request.  Therefore, to the extent he seeks as relief in this action to have the BOP to consider a nunc pro tunc designation to the Alabama Department of Corrections to serve the remainder of the federal term (*see* Doc. #1 at 7), the request is moot. Furthermore, with respect to the merits of such a request, the Middle District of Florida determined in Applicant's prior habeas corpus action that "[i]t cannot be said that the Attorney General is abusing his discretion in maintaining custody of Yeadon for the service of his federal sentence before returning him to the State of Alabama." *Yeadon*, 2011 WL 6099543 at *2.

Finally, there is no indication in the record before the Court that indicates Alabama state prison officials will not commence Applicant's state sentences until he completes his federal sentences.  As noted above, it appears that Applicant is receiving credit against his state sentences for the time he has spent in federal prison because the detainer lodged by the State of

Alabama indicates Applicant is serving his Alabama state sentence in a federal prison. (*See* Doc. #21-6.)

### III. CONCLUSION

For all of these reasons, the Court finds that Applicant is not entitled to any relief in this action and the habeas corpus application will be denied. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1) filed December 14, 2012, by Applicant Roger Yeadon is DENIED. It is

FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE.

DATED this 17th day of September, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge